UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VERONICA M. HARRISON | CIVIL ACTION |
| VERSUS | NO:    13-4883 |
| SOCIAL SECURITY ADMINISTRATION | SECTION: "J" (4) |

**REPORT AND RECOMMENDATION**

## I. Introduction

This is an action for judicial review of a final decision of the Commissioner of Social Security pursuant to Title 42 United States Code § 405(g). The Commissioner denied Veronica Harrison's eligibility for benefits under the Social Security Act.

The matter was referred to the undersigned United States Magistrate Judge pursuant to Title 28 United States Code § 636(b), for the submission of Proposed Findings and Recommendations.

## II. Procedural Background

On June 24, 2013, Veronica Harrison ("Harrison") filed an exparte / consent motion to proceed in forma pauperis, which was granted by this Court on June 26, 2013.[1] On June 28, 2013, this Court issued a Scheduling Order which required the plaintiff to file a brief in support of his claims within forty (40) days of the defendant filing an Answer.[2]

The record indicates that summons were returned executed on July 25, 2013, from the Social Security Administration, U.S. Attorney General, and the U.S. Attorney.[3] The Social Security

---

[1] R. Docs. 2 & 3.

[2] R. Doc. 4.

[3] R. Doc. 5.

Administration answered Harrison's complaint on September 25, 2013. [4] As such, Harrison's brief was due forty (40) days later, by November 4, 2013, after the Social Security Administration's Answer was filed.  However, Harrison failed to file a brief.

Thus, on November 15, 2013,  the undersigned issued a Show Cause Order requiring the plaintiff to show cause on or before December 4, 2013, by written memorandum or motion, as to why she failed to comply with the Scheduling Order.[5] The Order also notified the plaintiff that a failure to comply may result in the dismissal of his claims.  Nevertheless, the plaintiff failed to comply as no response to the Show Cause Order was filed.

### III.    Analysis

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules or any order of the court.  *See*  FED. R. CIV. P. 41(b). A Rule 41(b) dismissal is considered an adjudication on the merits.  Fed. R. Civ. P. 41(b).  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See e.g. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976).

While the language of Rule 41(b) technically requires that dismissal be premised upon the motion of the defendant, the Supreme Court has held that the Court is authorized under Rule 41(b) to sua sponte dismiss the plaintiff's claims for failure to prosecute, as long as the plaintiff is first given notice of the Court's intent. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) for proposition that federal courts have the authority to dismiss sua sponte for lack of prosecution based upon its inherent power to manage its own docket so as to achieve the orderly and expeditious disposition of cases).

---

[4]R. Doc. 6.

[5]R. Doc. 8.

Harrison's brief was due forty (40) days later, by November 4, 2013, after the Social Security Administration's Answer was filed. However, Harrison failed to file a brief. Thus, on November 15, 2013, the undersigned issued a Show Cause Order requiring the plaintiff to show cause on or before December 4, 2013, by written memorandum or motion, as to why she failed to comply with the Scheduling Order.[6]

The undersigned also unambiguously advised that failure to comply with this Order could result in dismissal without further notice. The plaintiff, however, failed to respond as directed.

### IV. Recommendation

**IT IS RECOMMENDED** that the plaintiff's claims against the Social Security Administration be **DISMISSED WITHOUT PREJUDICE** for failing to comply with the Show Cause Order issued by the United States Magistrate Judge on November 15, 2013.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[7]

New Orleans, Louisiana, this 17th day of December 2013.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] R. Doc. 8.

[7] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.